IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CONNIE TERRELL, | ) | |
| | ) | |
| Plaintiff, | ) | No._____ |
| | ) | |
| v. | ) | Jury Demand |
| | ) | |
| ASURION INSURANCE SERVICES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

For her Complaint against defendant Asurion Insurance Services, Inc. ("AIS"), plaintiff Connie Terrell ("plaintiff") states:

### PARTIES

1. Plaintiff is a former employees of defendant AIS and a resident of Antioch, Davidson County, Tennessee.

2. Defendant AIS is a Tennessee corporation with its principal place of business in Nashville, Tennessee. Defendant AIS is engaged in the business of insuring mobile telephone equipment for its customers. At all relevant times, AIS employed more than 15 individuals, including plaintiff. AIS may be served with process through its registered agent, National Registered Agents, Inc. 2300 Hillsboro Road, Suite 305, Nashville, Tennessee 37212.

### JURISDICTION AND VENUE

3. This is an action for damages and equitable relief for unlawful employment practices brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, ("Title VII"); 42 U.S.C. § 1981 ("Section 1981"); and the Tennessee Human

Rights Act, Tenn. Code Ann. § 4-21-101, *et seq.* ("THRA"). The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

4. Plaintiff filed a timely charge of discrimination[1] with the Equal Employment Opportunity Commission ("EEOC") and received Notice of Right to Sue ("Notice") from the EEOC. A copy of the Notice is attached to this Complaint.

## FACTS

5. Plaintiff was employed with defendant AIS as a Customer Satisfaction Representative.

6. During plaintiff's employment, defendant AIS discriminated against plaintiff because of her race with respect to the terms, conditions and privileges of employment, including job assignments and promotional opportunities. Defendants' actions were in violation of Title VII, Section 1981 and the THRA.

7. During plaintiff's employment, defendants allowed and failed to remedy a racially hostile work environment that altered plaintiff's working conditions. Defendant's actions were in violation of Title VII, Section 1981 and the THRA.

8. Defendant retaliated against plaintiff because of her opposition to defendant's racially offensive, inappropriate and unlawful actions, including racially derogatory comments and other mistreatment. Defendant's actions were in violation of Title VII, Section 1981 and the THRA.

9. Defendant discharged plaintiff because of her race and/or her complaining about, opposing and/or refusing to participate in unlawful conduct.

10. As a direct result of defendant's actions, plaintiff has suffered damages.

---

[1] The Charge of Discrimination is attached hereto and incorporated herein by reference.

11. As a result of its actions, defendant is liable to plaintiff in an amount to be determined by the jury for the damages plaintiff has incurred.

12. As a result of its actions, defendant is liable for punitive damages and for plaintiff's attorneys' fees.

13. As a result of its actions, defendant is obligated to make plaintiff whole for all lost earnings and benefits.

## Claim for Race Discrimination, Racially Hostile Work Environment, and Retaliation in Violation of Federal and Tennessee Law

14. Plaintiff hereby incorporates and realleges the factual averments as set forth in paragraphs 1 through 13 herein.

15. Defendant discriminated against plaintiff in the terms, conditions and privileges of her employment, including job assignments and promotional opportunities, and discharged plaintiff from her employment because of her race and/or in retaliation for her opposition to and/or refusal to participate in defendant's racially offensive, inappropriate and unlawful actions, including racially derogatory comments and other mistreatment, in violation of Title VII, Section 1981 and the THRA.

16. Defendant allowed and failed to remedy a racially hostile work environment that altered plaintiff's working conditions in violation of Title VII, Section 1981 and the THRA.

17. Defendant retaliated against plaintiff because of her opposition to defendants' racially offensive, inappropriate and unlawful actions, including racially derogatory comments and other mistreatment, in violation of Title VII, Section 1981 and the THRA.

18. As a result of its actions, defendant is liable to plaintiff in an amount to be determined by the jury for the damages plaintiff has incurred as well as for punitive damages.

19. As a result of its actions, defendant is liable for plaintiff's attorneys' fees.

20. As a result of its actions, defendant is obligated to reinstate plaintiff to her employment and to make plaintiff whole for all lost earnings and benefits.

**WHEREFORE,** premises considered, plaintiff demands the following relief:

1. A jury trial and entry of judgment in her favor;

2. Back pay and damages for lost benefits;

3. Compensatory damages for embarrassment and humiliation, emotional pain and suffering and mental anguish, stress and anxiety, inconvenience, and loss of enjoyment of life;

4. Reinstatement or, alternatively, front pay and damages for lost benefits;

5. Punitive damages;

6. Attorney's fees and expenses;

7. Prejudgment interest and, if applicable, post judgment interest; and

8. Such other and further legal or equitable relief to which she may be entitled.

Respectfully submitted,

_____
Stephen W. Grace, (BPR No. 14867)
1019 16th Avenue, South
Nashville, Tennessee 37212
(615) 255-5225
Attorney for Plaintiff